[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this second amended petition for a writ of habeas corpus alleging that his criminal trial attorney, Kevin Randolph, was ineffective in that (a) He failed to conduct a proper direct examination of the petitioner in the motion to recuse State's Attorney Dennis O'Connor from prosecuting his case; (b) He failed to conduct a proper cross examination of Michelle Harrison; (c) He failed to conduct a proper cross examination of Officer Pus'ey; (d) He failed to conduct a proper cross-examination of State's Attorney O'Connor in recusing him from his trial; (e) He failed to call Officer Continue as a defense witness; (f) He failed to present a theory of defense with respect to police misconduct; (g) He failed to object to an inaccurate PSI; and (h) He failed to present rebuttal evidence to the PSI. He alleges that but for these actions or inactions of counsel, it is reasonably probable that the outcome of the trial would have been different.
The petitioner presented Attorney Randolph who testified that he did represent the petitioner in his criminal trial before Freed, J., and a jury and was convicted on charges he believed were Larceny in the Third Degree, three (3) Counts of Reckless Endangerment, three (3) Counts of Risk of Injury to a Minor and Persistent Serious Felony Offender. The charges arose from a high speed motor vehicle chase of the petitioner by a police officer through the streets of Hartford. The petitioner told him that Mr. O'Connor who was going to prosecute the case represented him back in the late 1970's when he was on the public defender's staff. Mr. Randolph moved to recuse Mr. O'Connor and after an evidentiary hearing the motion was denied by Miano, J.. SeePetitioner's Exhibit 1, January 11, 1995, p. 35. He learned that the petitioner's girl friend, Michelle Harrison, had ended the relationship and attempted to put in doubt her testimony about the events of the chase by her lack of attention. He also learned that the principal witness, Officer Pus'ey, the chase officer, had himself been arrested for sexual assault prior to the trial and had a hearing on the matter so as to use the incident for CT Page 6886 impeachment of the officer's testimony. However the officer testified out of the presence of the jury that the criminal case was nolled and the previous week at a Police Department Administrative Hearing no violation of the Code of Conduct was found concerning the event and that he was reinstated as an officer in good standing. See Petitioner's Exhibit 1, January 23,1995, p. 53. He learned that another retired officer had information which would impeach Officer Getz's testimony but it wasn't so. He also considered producing his investigator, Madison Bolden, to testify about leases of stolen cars for drugs but felt it would be more harmful to the petitioner than helpful, that after having him testify out of the presence of the jury. SeePetitioner's Exhibit 1, January 26, 1995, p. 21.
The petitioner testified that the police overcharged him with so many counts on the same subject matter, that his attorney failed to question him sufficiently to bring out Attorney O'Connor's representation of him on the motion to recuse, failed to cross-examine Attorney O'Connor and failed to do an adequate cross-examination of Michelle Harrison and Officer Pus'ey, and failed to call Madison Bolden as to his experience with the lease of stolen cars for drugs. He failed to have the probation officer consider up-to-date facts to show the petitioner as good material for rehabilitation by his new employment, family ties, and his relationship with his children.
 I.
His first claim is that his attorney failed to conduct a proper direct examination of the petitioner on the motion to recuse Attorney O'Connor and failed to cross-examine O'Connor. The petitioner testified that he was represented by O'Connor as a public defender in 1977 or 1978. He can't remember the charge, how long the case pended, the disposition or what communication occurred. He believes that he disclosed to him what occurred. Attorney Randolph testified in this case that he searched the records but could not find a file of the petitioner which indicated O'Connor represented him. O'Connor testified in the hearing on the motion that he did not recall representing the petitioner as a public defender but did remember that he prosecuted him in 1982 or 1983. He believes he would not have prosecuted him then had he represented hin in the 1970's. He became a member of the State's Attorney's staff in November, 1979. The court, Miano, J., denied the motion in that the petitioner failed to prove either of the two prong test set out CT Page 6887 in State v. Jones, 180 Conn. 443 that there was an attorney-client relationship or that the relationship between the issues in the two case were patently clear or where the issues were essentially the same. State v. Bunkley, 202 Conn. 629, 652. The petitioner did not testify in this case what information he had that should be disclosed or what further information could be elicited from O'Connor and under the circumstances disclosed to this court. Randolph had questioned as far as he could the petitioner on the motion and has no information with which to cross-examine O'Connor. The petitioner has offered none here. The petitioner did not appeal this issue the denial of his motion to recuse O'Connor.
 II.
Next the petitioner claims that his attorney failed to conduct a proper cross-examination of Michelle Harrison and Officer Pus'ey. In the cross-examination of Miss Harrison,Petitioner's Exhibit 1, January 23, 1995, pgs. 22-32, his attorney brought out that she had been riding in the car for several months before the arrest incident on November 16, 1993 and saw no signs that it was a stolen car such as broken windows or popped ignition. She admitted that she was angry with him about the way he had driven that day but that her relationship with him continued until two weeks before testifying and that she did not hold that incident against him for the break-up. His attorney did bring out that she was screaming and crying and she was unable to remember whether he had driven straight through the intersection where the children were or whether he had turned.
In cross-examination of Officer Pus'ey, Petitioner's Exhibit1, January 21, 1995, pp. 34-78, his attorney brought out that no investigation was done to ascertain the identities of the three (3) children, that speed and distance were only estimates not measured and that the car had no indication of being stolen.
The petitioner did not allege in his petition nor did he testify what other matters he expected to obtain by cross-examination. This court finds that the transcript reveals an effective cross-examination under the circumstances revealed here.
 III
The next claim the petitioner makes is that Officer Continue, CT Page 6888 a retired officer, was not called and that his attorney failed to present a theory of defense with respect to police misconduct. Neither Officer Continue was called nor anyone about police misconduct. Both the petitioner and Attorney Randolph briefly referred to the absence of Officer Continue from the criminal trial. The petitioner testified that he requested his attorney to call him to give impeachment testimony about Officer Getz but did not mention what such evidence he was expected to give and Attorney Randolph that he did not feel such evidence was material or helpful.
As to a claimed theory of defense of police misconduct, the petitioner did not testify specifically what that was. If it was the prior charges against Officer Pus'ey, then as stated above such charges would be inadmissible having been nolled and the officer having been reinstated as an officer in good standing after an administrative hearing.
 IV
The last claim of the petitioner is that his attorney failed to object to inaccuracies in the Presentence Report (PSI) and his failure to present rebuttal evidence to the PSI. He failed to bring his mother, his father, the mothers of his two children and his claimed employers to this habeas trial to indicate what evidence they would present which would make a difference in the result of the sentence. He spoke at both sentencing sessions,Petitioner's Exhibit 1, April 21, 1995 and June 8, 1995, and acknowledged that his criminal record runs over a full page of the PSI and includes fourteen felonies over an eighteen year period from age seventeen to age thirty-five not only at those sessions but here as well. He acknowledged that he should be punished but his only guide line was that he not be punished as a murderer. He wasn't.
In order for a criminal defendant to prevail on a constitutional claim of ineffective assistance of counsel, he must establish both (1) deficient performance, and (2) actual prejudice. Bunkley v. Commissioner of Correction, 222 Conn. 444,445. The petitioner has produced nothing to demonstrate that there was anything his trial attorney could have done to obtain a different result.
For the above reasons the petition is denied. CT Page 6889
Thomas H. Corrigan Judge Trial Referee